**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARIA A. GUTIERREZ, | ) | NO. SA CV 15-1439-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **AND ORDER OF REMAND** |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on September 8, 2015, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on September 24, 2015. Plaintiff filed a motion for summary judgment on February 10, 2016.

Defendant filed a motion for summary judgment on March 11, 2016.  The
Court has taken the motions under submission without oral argument.
See L.R. 7-15; "Order," filed September 10, 2015.

### BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since February 23, 2012, based
primarily on alleged neck pain (Administrative Record ("A.R.") 20-274,
282-367).  Dr. Roxana P. Minkus, an osteopath, opined that Plaintiff
cannot sit, stand or walk more than a combined four hours per work day
and likely would be absent from work more than three times per month
(A.R. 351-52).

The Administrative Law Judge ("ALJ") found Plaintiff has severe
"degenerative disc disease of the cervical spine," but retains the
residual functional capacity to perform Plaintiff's past relevant work
as tour guide (A.R. 23, 25, 31).  Contrary to Dr. Minkus' opinion, the
ALJ concluded Plaintiff "can sit eight hours out of an eight-hour day;
she can stand or walk eight-hours out of an eight-hour day, with
normal breaks . . ." (A.R. 25).  The ALJ acknowledged that Dr. Minkus
is Plaintiff's "treating physician," but gave "Dr. Minkus' opinion
little weight because it is not consistent with the medical evidence
record as a whole [and] . . . Dr. Minkus is not familiar with the
Social Security Administration's precise disability guidelines" (A.R.
30-31).  The Appeals Council denied review (A.R. 1-4).
///
///
///

1                        **STANDARD OF REVIEW**

2

3        Under 42 U.S.C. section 405(g), this Court reviews the

4   Administration's decision to determine if: (1) the Administration's

5   findings are supported by substantial evidence; and (2) the

6   Administration used correct legal standards.  See Carmickle v.

7   Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

8   499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,

9   682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such

10  relevant evidence as a reasonable mind might accept as adequate to

11  support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

12  (1971) (citation and quotations omitted); see also Widmark v.

13  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

14

15        If the evidence can support either outcome, the court may

16        not substitute its judgment for that of the ALJ.  But the

17        Commissioner's decision cannot be affirmed simply by

18        isolating a specific quantum of supporting evidence.

19        Rather, a court must consider the record as a whole,

20        weighing both evidence that supports and evidence that

21        detracts from the [administrative] conclusion.

22

23  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

24  quotations omitted).

25  ///

26  ///

27  ///

28  ///

1                             **DISCUSSION**

2

3  **I.    The ALJ Failed to State Sufficient Reasons for Rejecting the**

4         **Opinions of Dr. Minkus.**

5

6       A treating physician's conclusions "must be given substantial

7  weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see

8  Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

9  give sufficient weight to the subjective aspects of a doctor's

10 opinion. . . .  This is especially true when the opinion is that of a

11 treating physician") (citation omitted); see also Garrison v. Colvin,

12 759 F.3d 995, 1012 (9th Cir. 2014) (discussing deference owed to the

13 opinions of treating and examining physicians).  An osteopath

14 qualifies as a treating physician.  See, e.g., Sutherland v. Barnhart,

15 322 F. Supp. 2d 282, 291 (E.D.N.Y. 2004); Berry v. Secretary, 1986 WL

16 14600, at *4 (E.D.N.Y. December 11, 1986); see also 20 C.F.R. §

17 404.1513(a)(1).  Even where the treating physician's opinions are

18 contradicted, as here, "if the ALJ wishes to disregard the opinion[s]

19 of the treating physician he . . . must make findings setting forth

20 specific, legitimate reasons for doing so that are based on

21 substantial evidence in the record." Winans v. Bowen, 853 F.2d 643,

22 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see

23 Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the

24 treating physician's opinion, but only by setting forth specific,

25 legitimate reasons for doing so, and this decision must itself be

26 based on substantial evidence") (citation and quotations omitted).

27 ///

28 ///

1    The reasons the ALJ stated for rejecting Dr. Minkus' opinions do
2  not comport with these authorities.  The ALJ's stated reason that Dr.
3  Minkus' opinions purportedly are "not consistent with the medical
4  evidence record as a whole" is impermissibly vague and unspecific.
5  See, e.g., Kinzer v. Colvin, 567 Fed. App'x 529, 530 (9th Cir. 2014)
6  (ALJ's statements that treating physicians' opinions "contrasted
7  sharply with the other evidence of record" and were "not well
8  supported by the . . . other objective findings in the case record"
9  held insufficient); McAllister v. Sullivan, 888 F.2d 599, 602 (9th
10  Cir. 1989) ("broad and vague" reasons for rejecting treating
11  physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421
12  ("To say that the medical opinions are not supported by sufficient
13  objective findings or are contrary to the preponderant conclusions
14  mandated by the objective findings does not achieve the level of
15  specificity our prior cases have required. . . ."). The ALJ's only
16  further stated reason is that, according to the ALJ, "Dr. Minkus is
17  not familiar with the Social Security Administration's precise
18  disability guidelines."  This stated reason is factually unsupported
19  and logically irrelevant.  The record contains no substantial evidence
20  regarding Dr. Minkus' familiarity or unfamiliarity with the
21  Administration's "precise disability guidelines."  More fundamentally,
22  even total ignorance of the law would have no logical impact on the
23  validity of Dr. Minkus' opinions regarding Plaintiff's functional
24  abilities, such as Plaintiff's tolerances for sitting, standing and
25  walking.  See Shoaf v. Colvin, 2015 WL 9455558, at *5 (C.D. Cal.
26  Dec. 23, 2015) (finding insufficient the ALJ's stated reason that the
27  treating physician was "not familiar with the Social Security
28  Administration's precise disability guidelines"); see also Beech v.

Colvin, 2014 WL 2931177, at *7 (C.D. Cal. June 26, 2014) ("a
demonstration of familiarity with Social Security disability
guidelines by [the treating physician] does not appear to be a
prerequisite to the ALJ's consideration of [the treating physician's]
opinion.  Indeed, the regulations require that the ALJ consider the
opinions of *all* physicians.  *See* 20 C.F.R. §§ 404.1527(c),
416.927(c)").

In defending the ALJ's rejection of Dr. Minkus' opinions,
Defendant argues that "Dr. Minkus' assessment clearly reflected
Plaintiff's own description of her limitations, rather than
limitations Dr. Minkus independently assessed" (Defendant's Motion at
9).  It is true that an ALJ sometimes may reject a treating
physician's opinion where the physician premised the opinion "to a
large extent" on the claimant's properly discounted subjective
complaints.  See Morgan v. Commissioner, 169 F.3d 595, 602 (9th Cir.
1999); accord Mattox v. Commissioner of Social Security, 371 Fed.
App'x 740, 742 (9th Cir. 2010); Fair v. Bowen, 885 F.2d 597, 605 (9th
Cir. 1989); compare Ghanim v. Colvin, 763 F.3d 1154, 1162-63 (9th Cir.
2014) ("when a [treating physician's] opinion is not more heavily
based on a patient's self-reports than on clinical observations," an
ALJ discounting of the treating physician's opinion based on the
patient's lack of credibility is impermissible).  It is also true,
however, that a court "cannot affirm the decision of an agency on a
ground that the agency did not invoke in making its decision."  Pinto
v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).  In the present case,
the ALJ did not invoke as a stated reason for rejecting Dr. Minkus'
opinions the possibility that Dr. Minkus premised those opinions more

heavily on Plaintiff's subjective complaints than on clinical observations.  The Court cannot uphold the ALJ's rejection of Dr. Minkus' opinions on the basis of unstated reasoning.  See id.; Ryan v. Colvin, 2015 WL 1964377, at *6 n.2 (E.D. Wash. May 1, 2015); Cooper v. Colvin, 2014 WL 50810, at *12 (S.D. Cal. Jan. 7, 2014).[1]

**II.   Remand for Further Administrative Proceedings is Appropriate.**

     Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2010); see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d at 1020 (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no

---

     [1]     The actual bases for Dr. Minkus' opinions may require clarification on remand.  Dr. Minkus' "Medical Assessment, etc." references Plaintiff's subjective complaints and an MRI report (A.R. 352).  The "Medical Assessment, etc." also recites:  "By my signature below, I affirm the foregoing assessment is based upon my objective findings and not only on the individuals' [sic] subjective comments" (A.R. 352).

1  useful purpose"); <u>Harman v. Apfel</u>, 211 F.3d 1172, 1180-81 (9th Cir.),

2  <u>cert. denied</u>, 531 U.S. 1038 (2000) (remand for further proceedings

3  rather than for the immediate payment of benefits is appropriate where

4  there are "sufficient unanswered questions in the record").  There

5  remain significant unanswered questions in the present record.  <u>Cf.</u>

6  <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir. 2015) (remanding for

7  further administrative proceedings to allow the ALJ to "comment on"

8  the treating physician's opinion).  Moreover, it is not clear that the

9  ALJ would be required to find Plaintiff disabled for the entire

10  claimed period of disability even if the rejected medical opinions

11  were fully credited.  <u>See</u> <u>Luna v. Astrue</u>, 623 F.3d 1032, 1035 (9th

12  Cir. 2010).

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 1, 2016.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2]    The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d at 1021.